**Chester BROMAN, Michael Carbone, et al., Plaintiffs,**

v.

**SPLIT ROCK ASSOCIATES, INC. and Eileen Werner, Defendants.**

**No. CV 88–1345.**

United States District Court, E.D. New York.

July 23, 1991.

---

Friedman & Levy–Warren by Jay Levy–Warren, New York City, for plaintiffs.

Split Rock Associates by Fred Werner, pro se.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, plaintiffs, Trustees of the Local 282 Welfare, Pension and Annuity Trust Funds ("the Funds"), move for entry of judgment against defendants Split Rock Associates Inc. ("Split Rock"), and Eileen Werner or, alternatively, for sanctions against defendants and Hauppauge Equipment Leasing Corp. ("Hauppauge"), an affiliate of Split Rock, in order to to remedy Hauppauge's failure to submit to a court-ordered deposition and audit.

## BACKGROUND

The dispute from which the present case arises involves plaintiffs' effort to obtain judgment against Split Rock in the approximate amount of $260,000. This figure constitutes the difference between Split Rock's obligation to pay contributions to the Funds for the period prior to May 1, 1989, and payments already made by Split Rock.

The parties entered into a settlement agreement ("the agreement") on or about May 31, 1989, pursuant to which defendants agreed to pay $330,000 to the Funds. Split Rock did pay $50,000 at the time of the agreement, as mandated therein. Defendants also agreed to pay the remaining balance at the monthly rate of the greater amount as between $1,000 or 2% of Split Rock's gross receipts for the prior month.

As part of the agreement, Split Rock was required to submit monthly gross receipt reports to the Funds and to permit the Funds to audit their books and records. Obligations were also included in the agreement so that Split Rock would "not engage in construction or excavating work as defined [in Split Rock's contract with Local 282, IBT] under any other corporate name or other structure than Split Rock Associates, Inc. in the geographical area covered by said contract." Ostensibly, this was designed to prevent Split Rock from transferring its gross receipts to avoid the 2% payment mandate.

Plaintiffs claim that they made numerous unsuccessful attempts to audit the books and records of Split Rock, even after this Court threatened defendants with entry of judgment if noncompliance continued. Plaintiffs additionally allege that upon the limited audit that Split Rock allowed them to perform, it was determined that Split Rock paid gross receipts to affiliated entities in direct violation of the agreement. To confirm this, plaintiffs served subpoena duces tecum and notices of depositions and document requests on four known affiliates of Split Rock, including Hauppauge, and to determine the pre-

cise amount owed to the Funds pursuant to the 2% payment schedule. Fred Werner, who was to appear for Split Rock and its affiliates, subsequently refused to accommodate plaintiffs on their discovery requests, and thus plaintiffs brought the initial motion for entry of judgment.

On September 28, 1990 this Court held a hearing on the plaintiffs' initial motion for entry of judgment. At this hearing, representatives of the defendant did not dispute the testimony of plaintiffs' auditor indicating that Split Rock had gross receipts in the months of May, October, November, and December of 1989, and January through April of 1990 that should have been subject to the 2% payment obligation. Additionally, undisputed testimony revealed that Split Rock's gross receipts were being funneled through Hauppauge. This Court ordered that Hauppauge submit to a deposition and audit to determine the extent to which the gross receipts were being channeled through Hauppauge, but reserved judgment on plaintiffs' motion for entry of judgment.

The parties scheduled the original deposition and audit for October 22, 1990, but Fred Werner's request for adjournment was granted. The parties then rescheduled the meeting for December 4, 1990. On the day before the deposition and audit was to take place, Werner told plaintiffs that he had taken ill and would not be able to appear on the following day. Plaintiffs agreed to reschedule the deposition and audit for December 20, 1990.

Plaintiffs allege that they sent Werner a letter on December 18, 1990, confirming the upcoming meeting. They also claim that the Post Office has confirmed delivery of the letter to Werner's post office box. Moreover, plaintiffs allege that they left a telephone message at Werner's office again confirming the meeting. A court reporter and counsel for plaintiffs appeared at plaintiffs' office for the scheduled meeting, but Werner did not. After unsuccessfully trying to reach him, his secretary told counsel for plaintiffs that he would not appear because it was his understanding that the meeting had been post-poned. Plaintiffs dispute that they had any knowledge of the postponement. Currently, plaintiffs move for entry of judgment against defendants, or in the alternative, for sanctions against defendants and/or Hauppauge, as a result of plaintiffs' inability to conduct the court-ordered deposition and audit.

## DISCUSSION

In consideration of the three bases set forth below, the Court hereby enters judgment for plaintiffs.

### The Settlement Agreement

■ Paragraph 10 of the agreement between the parties provides:

> If Split Rock Associates, Inc. fails to make payment as provided in paragraph 2 of this agreement, then, no sooner than 30 days following the failure to make such payment as was required by paragraph 2, judgment may be entered against Split Rock Associates, Inc. without further notice to it for the then unpaid balance of the gross amount set forth at paragraph 1 of this agreement.

*See* Plaintiff's Notice of Motion at ex. A.

Testimony at the last hearing revealed that Split Rock failed to make payments for a number of months including May, October, November, and December of 1989 and January through April of 1990. As such, the plain language of the agreement clearly empowers this Court to enter judgment for plaintiffs.

### Civil Rules for the Eastern District of New York

Local Rule 3 of the Civil Rules of the Southern and Eastern Districts of New York provides in pertinent part:

> [Upon any motion] [t]he opposing party shall serve and file with the papers in opposition to the motion and an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. *Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.*

Local Rule 3(b) (emphasis added). Defendants have failed to offer any response to

**54**

the most recent allegations by plaintiff, in direct violation of Local Rule 3. Accordingly, this Court may enter judgment for plaintiffs pursuant to Local Rule 3.

*Failure to Comply with Discovery*

 Notwithstanding authority under the agreement and the Local Rules, defendants' blatant failure to comply with court-ordered discovery warrants entry of judgment in plaintiffs' favor. Defendants' affiliate, Hauppauge, has, on numerous occasions previously documented, refused to comply with discovery requests made by plaintiff and ordered by the Court. Because of this pattern of disregard for court orders and the guidelines established by Rule 37, the Court is well within its discretion to enter judgment in favor of plaintiffs. *Paine, Webber v. Inmobiliaria Melia de P.R., Inc.*, 543 F.2d 3, 6 (2d Cir.1976), *cert. denied*, 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977).

As plaintiffs correctly note, Split Rock can be held responsible for the failure of Hauppauge to comply with discovery, since the records held by Hauppauge may be considered, pursuant to Rule 34, to be within the custody or control of Split Rock. 4A *Moore's Federal Practice*, Para. 34.17 (2d ed. 1990); *Cooper Indus., Inc. v. British Aerospace*, 102 F.R.D. 918, 919 (S.D.N.Y.1984). This Court ordered the deposition and audit of Split Rock in order to reach the important determination of payments owed to plaintiffs. The successive delays by Mr. Werner, who was to appear on behalf of defendants and their affiliates, are beyond reason. Accordingly, and in keeping with the parameters of Rule 37, entry is granted in favor of plaintiffs.

## CONCLUSION

For the reasons stated above, defendants are ordered to pay the full amount of the unpaid balance as set forth in the settlement agreement between the parties. In order to establish the exact amount owed, plaintiffs may submit papers to the Court within ten days of the date of this order. Defendants may respond to those submissions within ten days from the filing and service of plaintiffs' submission.

SO ORDERED.