Norman P. KLEIN, Plaintiff,

v.

Shelton WILLIAMS and United States Postal Service, Defendants.

No. CV 91–3559 (RJD).

United States District Court, E.D. New York.

Aug. 11, 1992.

Robert B. Taylor, Rovegno & Taylor, P.C., Forest Hills, N.Y., for plaintiff.

Warren Ausubel, Asst. U.S. Atty., U.S. Attys. Office, Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

In this action for damages under the Federal Tort Claims Act (the "FTCA"), plaintiff Norman Klein seeks to set aside the entry of a judgment dismissing the complaint, as well as to amend the complaint. Defendants oppose, and cross-move to dismiss the amended complaint. For the reasons discussed below, plaintiff's motion is denied and defendants' motion is granted.

### Background

Klein allegedly suffered personal injuries as a result of a motor vehicle accident with a United States Postal Service (the "Postal Service") vehicle on February 6, 1989. On September 16, 1991, following the Postal Service's final denial of plaintiff's administrative claim for damages, Klein commenced this action under the FTCA, naming Shelton Williams and the Postal Service as defendants.

On December 10, 1991, the United States Attorney for the Eastern District of New York advised plaintiff's counsel by letter that it would not file an answer "until the United States is properly served with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure." *See* Ausubel Declaration, Exh. B. The government confirmed Klein's receipt of that letter and reiterated its position when contacted by plaintiff's counsel on December 19, 1991. Ausubel Declaration, at ¶ 4.

Plaintiff, however, failed to serve the United States Attorney until January 15, 1992. McPhaul Declaration, at ¶ 3. In addition, the summons and complaint were mailed to the Attorney General on January 10, 1992, and received on January 16, 1992. Kirk Declaration, at ¶ 3. Klein had not sought, as permitted by Rule 6(b), an extension of the 120 day limit in which to effect service.

The government, on March 11, 1992, moved to dismiss the complaint because plaintiff had failed both to serve process within the 120 days required by Rule 4(j), and to name the United States as a defendant, thereby depriving this Court of personal jurisdiction over the defendants and subject matter jurisdiction over the claim. *See* Fed.R.Civ.P. 4(j); 28 U.S.C. § 2679. The government's notice of motion set forth the briefing schedule established by the Court, stating that papers in opposition were due by April 16, 1992.

Klein never filed opposition to the motion. Instead, by letter dated April 23,

1992, his counsel requested an adjournment of the motion. Before the letter was received, however, the Court, issued an order, dated April 28, 1992, dismissing the action without prejudice, citing plaintiff's default under Civil Rule 3(b) of the Local Rules for the Southern and Eastern Districts of New York ("Local Rule 3(b)").[1] Judgment was entered on May 14, 1992.

On June 5th, plaintiff's counsel again wrote to the Court, this time to schedule a motion under Rules 55(c) and 60(b), seeking relief from the judgment dismissing the action. The motion was filed on June 30th, along with an amended complaint which named the United States as defendant. The government seeks the dismissal of the amended complaint.

### Discussion

■ Rule 55(c) permits a district court to set aside a judgment by default, "in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b) provides relief from a final judgment for

> (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(1). Although Rule 60(b) is designed to afford parties an opportunity to resolve a dispute on its merits, *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986), its proper application strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir.1982). A motion seeking such extraordinary judicial relief is addressed to the sound discretion of the district court, *see Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981), and may not be used as a substitute for a timely appeal. *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967). The district court has broad discretion to deny or grant relief in light of the particular circumstances of a case. 7 *Moore's Federal Practice* ¶ 60.19 (1983).

■ Klein argues, under the authority of subsection (1), that his counsel's failure to respond to defendants' motion resulted from an intention to "request an extension of time to file the opposition papers," and an improper diary entry of the briefing schedule.[2] In its June 5th letter, plaintiff's counsel stated, "This office was remiss in failing to timely serve opposition to defendant's motion.... This failure was quite frankly the result of counsel's lack of knowledge concerning service of opposition papers." He thus contends that such error constitutes mistake, inadvertence or excusable neglect.

■ A client is not generally excused from the consequences of his attorney's negligence, absent "a truly extraordinary situation." *Chira v. Lockheed Aircraft*, 634 F.2d 664, 666 (2d Cir.1980). The government's motion gave notice to plaintiff's counsel that papers in opposition were due by April 16, 1992. Local Rule 3(b) gave notice to the world that the Court could grant the motion for failure to respond. As Klein's counsel argues, his conduct was not willful, but reflects mere carelessness in calendaring the motion or in timely seeking an adjournment. He offers nothing, however, to demonstrate that the failing was the product, not of mere neglect, but, rather, of *excusable* neglect for which his client should not be penalized.

The Second Circuit has consistently declined to relieve a client under Rule 60(b)(1) of the "burdens of a final judgment due to

---

1. Rule 3(c) provides that the opposing party shall serve and file papers in opposition at least seven days before the return day, unless otherwise directed by the court. "Failure to comply may be deemed sufficient cause for the denial of the motion...." Rule 3(b); *see Broman v. Split Rock Assocs.*, 768 F.Supp. 51, 53 (E.D.N.Y. 1991).

2. Klein is under the erroneous impression that his application for adjournment occurred on April 23, 1992. *See* Plaintiff's Supplemental Memorandum, at 9. His April 23rd letter, however, did not reach the Court until April 29th, at which time chambers informed his counsel of the order of dismissal, signed the previous day. His request for a briefing schedule to file a 60(b) motion did not reach chambers until some six weeks later, after the judgment had been entered.

the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 837 n. 2 (2d Cir.1991); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986).

■ Nevertheless, if Klein could present a meritorious defense to defendants' motion, the Court would readily set aside the judgment of dismissal. A mechanistic application of the Rule would frustrate its purpose, particularly, as here, where the judgment of dismissal was entered upon a party's default. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (strong policies favor the resolution of genuine disputes on the merits). Klein, however, is unable to establish excusable neglect. *See, e.g., Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C.Cir.1986).

*A. Service of Process*

■ The government moved to dismiss the complaint because plaintiff had failed to serve process within the 120 days of filing, as required by Rule 4(j). *See* Fed.R.Civ.P. 4(j). Plaintiff counters that his failure is merely a technical defect, which the court should now resolve in his favor under Rule 6(b).[3]

Rule 4 provides that a plaintiff effects service on the United States

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States....

Fed.R.Civ.P. 4(d)(4). The Rule additionally provides that if service is not effected

> upon a defendant within 120 days after the filing of the complaint and the [plaintiff] ... cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon

the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j).

The parties agree that the 120th day after filing was January 14, 1992. Klein argues that he effected timely service on the Attorney General since he mailed the documents on January 10, 1992, even though they were not received until January 16. He also contends that the Court should excuse his failure, by a single day, to serve the United States Attorney within the required time period. Under the circumstances, the Court cannot agree.

Klein's contention that a certified mailing to the Attorney General complies with the requirements of Rule 4(d)(4) on the date of mailing is simply without merit. Service by mail of a summons and complaint is effective upon receipt, *see Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir. 1984), not upon mailing, *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 882 (3d Cir.1987). Klein cannot avail himself for Rule 4 purposes of the provision in Rule 5 that "[s]ervice by mail is complete upon mailing." Fed.R.Civ.P. 5(b). By its terms, Rule 5 applies only to a "pleading *subsequent to the original complaint,*" Fed.R.Civ.P. 5(a) (emphasis added), and does not serve to alter or eliminate the requirements related to service of the summons and complaint under Rule 4. Therefore, plaintiff served neither the Attorney General nor the United States Attorney in a timely fashion.

Klein offers no reason to justify his failure to comply with 4(j). He merely urges the Court to overlook his "technical defect" in granting him 60(b) relief. In *Zankel v. United States*, 921 F.2d 432 (2d Cir.1990), the Second Circuit considered whether a plaintiff offering no justification for a technical defect in service could avail herself of the equitable exception to Rule 4(d)(4) originally advanced in *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (per curiam). The *Zankel* court adopted the *Jor-*

---

**3.** Fed.R.Civ.P. 6(b) provides, in pertinent part, that the court at its discretion may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

*dan* analysis and concluded that plaintiff's failure to demonstrate a good excuse for improper service was mitigated by the inequitable conduct of the government. *Zankel*, 921 F.2d at 437. Therefore dismissal in that case was not warranted. *Id.*

In a later decision, the Second Circuit limited *Zankel* to its specific facts: an unexcused failure to comply with Rule 4(j) will not bar relief from dismissal if evidence shows that the government bears substantial responsibility for causing the defect in service. *See McGregor v. United States*, 933 F.2d 156, 161 (2d Cir.1991) (analyzing and narrowing the cope of *Zankel*); *Basovitch v. United States*, No. CV 90–1969, 1991 WL 148501, at *4 (E.D.N.Y. July 19, 1991) (discussing holdings in *Zankel* and *McGregor*).

> The decision in *Zankel* was based on the court's view that the government had engaged in an "apparently deliberate attempt to secure the demise of plaintiff's claims" by lulling plaintiffs into believing that they had successfully cured their service defect while holding in abeyance its own motion to dismiss until after the expiration of a statute of limitations.

*McGregor*, 933 F.2d at 161 (quoting *Zankel*, 921 F.2d at 437–38).

No evidence in this case demonstrates that the government shares "substantial responsibility" for Klein's defect in service. On the contrary: the government warned plaintiff's counsel on two occasions in December 1991—*before* the 120 day limit had expired—that service had not been properly effected under Rule 4. Plaintiff did not move to enlarge his time to effect service under Rule 6(b); rather he seemingly ignored the warning, and waited to act until an additional month had passed. The only reason Klein offers for the delay is that, just before the 120 day period expired on January 14, 1992, he (1) had mailed the complaint to the Attorney General, and (2)

had given the complaint to a process server to deliver to the United States Attorney. Klein, however, has not convinced this Court that his actions, in the face of the government's warning, amount to reasonable efforts to serve process within the 120 day period.

At very little effort and expense, Klein could have served the government within the period. Once counsel had notice of a service problem, no reason existed not to ensure that service would be made within the remaining time. *See Reed Holdings, Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 445 (S.D.N.Y.1988). The only explanation for plaintiff's failure is the inadvertence of counsel. This does not constitute good cause justifying a failure to comply with Rule 4(j). *Tillman v. New York State Dep't of Mental Health*, 776 F.Supp. 841, 844 (S.D.N.Y.1991), *aff'd*, 963 F.2d 1521 (2d Cir.1992); *see McGregor*, 933 F.2d at 160. Moreover, when confronted by defendants' motion to dismiss, filed March 11, 1992,[4] plaintiff again failed to act. Only now, after the complaint has been dismissed, does Klein request an enlargement of time for service under Rule 6(b). Plaintiff's repeated failure to respond in a timely fashion is inexplicable and does not excuse his noncompliance with Rule 4(j).

In sum, plaintiff has demonstrated neither a justifiable excuse nor inequitable conduct by the government to relieve him from dismissal. Plaintiff's failure to effect service apparently resulted from inadvertence of his counsel. The same can be said for his failure to respond to the government's to dismiss. Under Rules 60(b) and 4(j) such inadvertence does not warrant the relief that plaintiff seeks.

## B. Filing of Amended Complaint

 Once a judgment has been entered dismissing an action, a plaintiff can validly file an amended complaint only af-

---

**4.** Klein's last day to commence this action was six months after the date of the Postal Service's mailing of its denial of plaintiff's administrative claim, which occurred on June 17, 1991. *See* 28 U.S.C. § 2401(b). The statute of limitations is tolled for the 120 day period following the filing of the complaint as set forth in Rule 4(j). If the government is not served within the 120 days, the statute of limitations begins to run. *See*

*Frasca v. United States*, 921 F.2d 450, 453 (2d Cir.1990).

In this case, the statute of limitations began to run on June 17, 1991, and was tolled on September 16, 1991 (the date of filing) until January 14, 1992 (the end of the 120 day period). The statute of limitations then ran for the remaining three months and one day, expiring on April 15, 1992.

ter the dismissal is vacated under Rules 59(e) and 60(b). *National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244–45 (2d Cir.1991) (citing *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir.1985) (per curiam)). "Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *National Petrochemical,* 930 F.2d at 245. Although, as the Second Circuit observed, "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment," *see id.,* the Court does not believe that this is such an appropriate case. A final judgment was entered on May 14, 1992, dismissing the action in its entirety. Plaintiff's belated attempt to cure the defect relating to subject matter jurisdiction, by naming the United States as defendant, does not in any way mend the lack of proper service, as discussed above. Klein cites no authority to the contrary. Since no valid reason exists to vacate the order of dismissal, the amended complaint must be stricken.

### Conclusion

Plaintiff's motion to vacate the judgment of dismissal and to amend the complaint is denied. Defendants' motion to strike the amended complaint is granted. The judgment of dismissal shall stand as originally entered.

SO ORDERED.