James E. FLAHERTY, Plaintiff,

v.

C. Stephen HACKELING, in his official capacity as District Judge, Third District Court of County of Suffolk, Huntington Civil Part, Brookhaven Anesthesia Associates LLP, Richard Sokoloff, Esq., Individually and in his Capacity as Attorney for Brookhaven Anesthesia Associates LLP, Chad Clifford, individually and in his official capacity as President and CEO of Fleet National Bank, Fleet National Bank a/k/a The Fleet Bank Enterprise, John Kanas, Individually, and in his official capacity as CEO North Fork Bank & Trust/North Fork Bank Corp., North Fork Bank & Trust/North Fork Bank Corp. a/k/a The North Fork Bank Enterprise, Party Concepts, in its official capacity as EEOC administrative Respondent, to Plaintiff's EEOC Charge # 160A301422, John Ashcroft, in his official capacity as United States Attorney General, as Intervener, pursuant to Fed.R.Civ.P. Rules 19, 20 and 2 § U.S.C. § 2403(a), Elliot Spitzer, in his official capacity as New York State Attorney General, as Intervener, pursuant to Fed.R.Civ.P. Rules 19, 20 and 28 U.S.C., Defendants.

No. 03–CV–3981 ADS WDW.

United States District Court,
E.D. New York.

May 24, 2004.

James E. Flaherty, Riverhead, NY, pro se, Plaintiff.

Office of Elliot Spitzer, Attorney General of the State of New York, by Dorothy Oehler Nese, Assistant State Attorney, Mineola, NY, for Defendants C. Stephen Hackeling and Elliot Spitzer.

Richard Sokoloff, Riverhead, NY, for Defendants Richard Sokoloff, and Brookhaven Anesthesia Associates LLP.

Wilson Elser Moskowitz Edelman & Dicker, by Constantine A. Despotakis, of counsel, White Plains, NY, for Defendant Chad Clifford and Fleet National Bank.

Zavatsky, Mendelsohn, Gross, Savino & Levy, LLP, by Joseph C. Savino, of counsel, Syosset, NY, for Defendants John Kanas and North Fork Bank & Trust/North Fork Bank Corp.

Hogan & Hartson LLP, by George A. Salter, of counsel, New York City, for Defendant Party Concepts.

Roslyn R. Mauskopf, United States Attorney, Eastern District of New York, Central Islip, NY, for Defendant John Ashcroft.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by the *pro se* plaintiff James E. Flaherty ("Flaherty" or the "plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 60(b) for relief from the Court's order dated November 14, 2003 dismissing the plaintiff's complaint for failure to prosecute.

### I. BACKGROUND

Flaherty commenced this action on August 12, 2003, with an 86 page complaint consisting of more than 350 paragraphs and an additional 68 exhibits. After the defendants had already served and filed their respective answers, on September 24, 2003, the plaintiff, without leave of Court, served and filed an Amended Complaint. Along with other procedurally incorrect filings by the plaintiff and requests for a conference by several of the

defendants, the Court was prompted to hold a conference at which all of the parties would be present.

Pursuant to the directions from the Court, in a letter dated November 6, 2003, Constantine A. Despotakis, Esq., counsel for the defendant Chad Clifford and Fleet National Bank, notified all of the parties in this case, including Flaherty, that "the Court has scheduled a conference in this matter before Judge Spatt at 9:00 a.m. on Thursday, November 13, 2003." This letter was mailed to the plaintiff at the only address on file with the Court and used in all of his communications, Post Office Box 257, Riverhead, New York 11901.

On November 13, 2003 at 9:00 a.m., the Court held the above referenced conference. Pursuant to the Court's direction, each defendant's counsel personally appeared for this conference. However, despite having been previously notified of the scheduled conference by the letter from Mr. Despotakis, Flaherty failed to appear for the conference. Flaherty did not notify the Court, either by mail or by telephone, that he would be absent from the scheduled conference.

During the conference the Court attempted to contact Flaherty by telephone at the number he previously provided to the Court. Flaherty failed to answer the Court's telephone call and there was no answering machine upon which to leave a message. At that time, the Court found that it was reasonable to believe that the plaintiff had actual knowledge of the scheduled conference and that the plaintiff willfully and intentionally absented himself from the conference. Thereafter, the defendants made an oral application to the Court to dismiss this action for failure to prosecute.

On November 14, 2003, pursuant to the Court's instructions, Mr. Despotakis mailed to Flaherty a copy of a written "Notice of Dismissal of Complaint and All Cross-Claims" notifying Flaherty, among other things, that his complaint would be dismissed upon the Court's "so ordering" of the Notice. On November 14, 2003, this Notice was "so-ordered" by the Court.

On November 19, 2003, because of Flaherty's failure to appear at the November 13, 2003 conference; the fact that he filed more than 20 lawsuits in the Eastern District over the past 15 years; and the fact that the Court was continually faced with excessive, incoherent and frivolous filings by Flaherty, the Court issued an Order informing the plaintiff that it was contemplating issuing an order enjoining the plaintiff from bringing any future proceedings in the Eastern District of New York and preventing him from filing any papers in connection with this case or any other cases pending in the Eastern District of New York without prior permission from the Court. The Order directed Flaherty to appear in Court on December 4, 2003, at 9:00 a.m., to show cause why such an order should not be issued. This Order was mailed via regular first class mail by chamber staff and by the Clerk of the Court. In addition, the Clerk of the Court mailed a copy of this Order to the plaintiff by regular first class mail and by certified mail, return receipt requested, to the address on file with the Court.

On December 4, 2003, once again, the plaintiff failed to appear in Court. Flaherty failed to notify the Court, either by mail or by telephone, that he would be absent from the scheduled hearing. Thereafter, on December 9, 2003, an Order was issued enjoining Flaherty from bringing any future proceedings in the Eastern District of New York and from filing any papers in connection with this case or any other cases pending in the Eastern District of New York without prior permission of the Court.

On December 15, 2003, Flaherty submitted a letter to the Court requesting, among other things, permission to file a motion pursuant to Rule 60 seeking relief from the dismissal of his action. On December 23, 2003, this request was granted and was subsequently mailed to Flaherty at his post office box address.

On January 22, 2004, Flaherty filed a motion pursuant to Rule 60 to reconsider the Court's dismissal of this action for failure to prosecute. In particular, Flaherty claims that his action should be reinstated because his failure to appear at the November 13,

2003 and December 4, 2003 conferences constitutes "excusable neglect."

## II. DISCUSSION

■ Rule 60 provides that a court may relieve a party from a final judgment, order or proceeding due to, among other things, "(1) mistake, inadvertence, surprise, or excusable neglect. . . ." In order to grant such relief, the Court "must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possess a meritorious claim in the first instance." *Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60, 77 (E.D.N.Y.1999) (quoting *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y.1998)). "At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." *Cintron–Lorenzo v. Departamento de Asuntos del Consumidor, et al.*, 312 F.3d 522, 527 (1st Cir.2002) (citations omitted). "Relief is generally granted 'only upon a showing of exceptional circumstances.'" *Fetik v. New York Law School*, No. 97 Civ. 7746, 1999 WL 459805, at *3 (June 29, 1999) (citing *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990)). In determining whether to grant or deny a motion under Rule 60(b), district courts have broad discretion to consider the facts and the circumstances of each particular case. *Klein v. Williams*, 144 F.R.D. 16, 18 (E.D.N.Y.1992).

■ In reaching its determination, the Court must consider "all relevant circumstances surrounding the party's omission." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir.1997) (citations omitted). Such circumstances "include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Fetik*, 1999 WL 459805, at *4 (internal quotation omitted).

■ In its analysis, the Court is mindful that the plaintiff's *pro se* status means that his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth*, 710 F.2d at 95 (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).

■ Flaherty contends that his injuries, namely his "shattered left knee" which was caused when he was stuck by a motor vehicle while walking, rendered him immobile November 3, 2003 through December 3, 2003. Because of this alleged immobility, Flaherty contends that he was precluded from traveling to the post office to retrieve his mail. As a result, Flaherty contends that he did not receive notice of the November 13, 2003 or the December 4, 2003 Court dates until three to four days prior to the respective dates. Thus, Flaherty argues that his absences from Court is "excusable neglect" and his case should be reinstated.

Even assuming that Flaherty had three to four days notice of the Court conferences, in the Court's view, at the very least, Flaherty was capable of notifying the Court or his adversaries of his condition or of his alleged inability to check his mail. A review of the case file reveals that Flaherty was able to draft letters, travel to and from appointments with his doctor and run personal errands during the relevant time period. Flaherty's circumstances do not rise to the level of "excusable neglect."

First, in three separate letters from Flaherty to the Court dated November 6, 2003, a date subsequent to his alleged accident, Flaherty made no mention of any disability, injury or accident. In fact one of these

letters requested a status conference. *See* Letter from Flaherty to Court dated November 6, 2003 ("By information and belief, a status conference on the above referenced action and related actions may expedite settlement of several related actions which the undersigned now has pending before Your Honor.") These letters were also sent to Mr. Despotakis in an envelope postmarked November 10, 2003, *Despotakis Aff. in Opp. Exhibit 2,* indicating that Flaherty was able to travel to and from the post office to mail his letters.

Second, in support of the instant motion, Flaherty submitted a document dated January 19, 2004 entitled "New York No–Fault Motor Vehicle Insurance Law Report of Attending Physician or other Provider of Health Service or Treatment" (the "Report"). *See* Plf. Fifth Reply Aff. Ex. A. The Report states that the date of Flaherty's accident was July 17, 2003 and that Flaherty was treated by Frank S. Segreto, M.D., an orthopedist, on November 3, 2003. Moreover, an affidavit signed by Dr. Segreto on January 12, 2004, states that he treated Flaherty on November 3, 2003, November 17, 2003, December 1, 2003 and January 12, 2004 at the. Southampton Hospital and at his office. Flaherty also received MRI examinations on November 8, 2003 and November 15, 2003 at either Segreto's office or Southhampton Hospital. Notably, none of these dates conflicted with either of the two scheduled court dates. Nevertheless, Flaherty fails to explain how he was able to travel to and from his doctor's appointments but was unable to travel to the Court.

Third, attached to the above mentioned letter dated December 15, 2003, was an "affirmation" in support of his "HEAP application" which was signed by Flaherty on November 28, 2003. The affirmation indicates that it was "delivered by hand" to the County of Suffolk Department of Social Services in Riverhead, New York on December 2, 2003. The affirmation further reveals that on November 17, 2003 Flaherty "personally delivered [a HEAP application] to the Ronkonkoma DSS Office." Again, the Court finds it interesting that Flaherty was able to deliver his HEAP materials in person, yet at the same time was unable to attend the Court conferences or at the very least, notify the Court that he would not be able to attend.

In the Court's view, these above mentioned documents indicate that Flaherty was able to travel to the post office, his doctor, and the Department of Social Services Offices in Ronkonkoma, New York and in Riverhead, New York. Thus, Flaherty's claim that he was "immobile" and therefore unable to travel to the post office to retrieve his mail is without merit, or at the least, has not been supported by a "convincing explanation." *See Cintron–Lorenzo,* 312 F.3d at 527.

Flaherty also claims that a letter from Dr. Devinney dated November 12, 2002 "requested a reasonable accommodation of at least 20 days notice for scheduled court appearances," Plf. First Reply Mem. at 7. However, a review of this letter requests that Flaherty be given twenty days to file opposition papers—this letter makes no mention of court appearances. Not only was this letter written prior to the commencement of this lawsuit, but thereafter, Flaherty has filed numerous letters, motions, and memoranda of law, as well as initiated several new actions against a multitude of defendants.

The fact that Flaherty has commenced more than 20 actions in the Eastern District over the past 15 years, reveals that Flaherty is no stranger to the Court and its rules. The fact that Flaherty failed to appear for two court conferences of which he had adequate notice demonstrates a blatant disrespect to the Court and to his adversaries. The Court finds that the defendants were forced to incur unnecessary time and expense for the two court appearances at issue. Moreover, Flaherty has failed to offer a convincing explanation or exceptional circumstances which warrant relief from the dismissal of this action. Because the circumstances of this case do not present grounds justifying relief, the Court need not examine the merits of Flaherty's claims.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion pursuant to Rule 60 for relief from the

Courts November 14, 2003 order dismissing the complaint is **DENIED.**

**SO ORDERED.**