**Joyce ZANKEL and Charles Zankel, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 617, Docket 90–6210.**

United States Court of Appeals, Second Circuit.

Argued Nov. 16, 1990.

Decided Dec. 13, 1990.

Robert F. Danzi, Carle Place, N.Y. (Pester, Goldberg, Schiff, Feldman & Danzi, P.C., Lawrence A. Goldberg, of counsel), for plaintiffs-appellants.

Paul Weinstein, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y., (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Deborah B. Zwany, Asst. U.S. Attys., of counsel), for defendant-appellee.

Before FEINBERG, PIERCE and MINER, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs Joyce and Charles Zankel appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, J., dated July 13, 1990, dismissing their complaint against the United States. Plaintiffs had brought suit under the Federal Tort Claims Act, seeking damages for injuries Joyce Zankel sustained when she fell in the United States Post Office in Freeport, New York. The district court dismissed the complaint after finding that appellants without good cause failed to serve the Attorney General of the United States within 120 days after filing the complaint, as required under Rules 4(d)(4) and 4(j) of the Fed.R.Civ.P. Because we believe that on the specific circumstances of this case the district court should have excused this defect, we reverse and remand for further proceedings.

## I. BACKGROUND

In March 1987, plaintiff Joyce Zankel slipped and fell on a wet portion of the floor of the United States Post Office located in Freeport, New York, suffering a fracture of her knee. On June 24, 1987, plaintiffs' attorney sent a claim for damages on an appropriate form to the United States

Postal Service, by certified mail, return receipt requested.

On January 22, 1988, although the Postal Service had not yet acted on the claim, plaintiffs commenced this suit against the United States.[1] Rule 4(d)(4), which prescribes how service is effected upon the United States, provides that service be made:

by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

The Rule thus calls for transmitting a copy of the summons and complaint to both the local United States Attorney and the Attorney General of the United States. Rule 4(j), which deals generally with the time limit for service, provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

On January 28, 1988, plaintiffs delivered a copy of the summons and complaint to the United States Attorney for the Eastern District of New York (hereafter, the United States Attorney). With regard to the Attorney General of the United States (hereafter, the Attorney General), however, the government maintains that plaintiffs did not send a copy of the summons and complaint by registered or certified mail within the 120–day period after January 22, 1988,

as required by Rule 4(j). Plaintiffs, in contrast, claim that at the same time they personally served the United States Attorney they also sent a copy of the summons and complaint by certified mail to the Attorney General.[2]

There is thus a dispute over whether plaintiffs actually mailed the Attorney General a copy of the summons and complaint in January 1988 at the same time they served the United States Attorney. It is not disputed, however, that the Attorney General received a copy of the summons and complaint on February 11, 1988. This copy was forwarded to the Attorney General by the United States Attorney; it was found in the Attorney General's file with a memorandum attached stating that it came from that office. On February 22, 1988, authority for handling the defense of the case was delegated by the Attorney General to the United States Attorney.

The United States filed its answer to plaintiffs' suit in March 1988, raising lack of subject matter jurisdiction and "improper" service of process as the first and fifth affirmative defenses. Thereafter, discovery began; in November 1988, defendant took plaintiffs' depositions, and plaintiffs deposed an employee of the Postal Service. In December 1988, the attorney handling the matter for plaintiffs wrote to the Assistant in the United States Attorney's office, requesting him to sign and return an enclosed stipulation withdrawing the first and fifth affirmative defenses. Plaintiffs alleged in the district court that at that time the government attorney said he would review the matter and respond; the allegation was not controverted in the record below. There was no further response and the stipulation was not signed.

Thereafter, by letter dated January 24, 1989, the United States Postal Service informed plaintiffs' attorney that it was denying the administrative claim plaintiffs had filed in June 1987. The letter recog-

---

**1.** Plaintiffs had the option under the Federal Torts Claims Act, 28 U.S.C. § 2675(a), to bring suit against the United States if the Postal Service failed to make final disposition of their claim within six months after it was filed.

**2.** Under Fed.R.Civ.P. 5(b), "[s]ervice by mail is complete upon mailing."

nized that plaintiffs had already "exercised their option to file suit" but went on to say that "[r]egulations require us to inform you" that if plaintiffs were dissatisfied with this final disposition of their claim, they could file a suit against the United States in an appropriate United States District Court "not later than six months from the date" of the letter, presumably to comply with the relevant statute of limitations.

In early April 1989, at a status conference in the district court, plaintiffs again requested the government to withdraw its affirmative defenses. Plaintiffs' attorney then first learned that the specific alleged defect in service was failure to serve the Attorney General, and on the next day sent a copy of the summons and complaint to the Attorney General by certified mail.

On July 28, 1989, the United States moved to dismiss the complaint for insufficiency of service of process. In October, the district court held an evidentiary hearing to determine whether plaintiffs had properly and timely served the United States. Plaintiffs called a legal assistant for their attorney as their only witness, and were unable to produce any receipt for the alleged January 1988 mailing to the Attorney General. The government called two witnesses: a superintendent of mails and deliveries for the United States and a case control officer for the United States Department of Justice, Civil Division, Torts Branch.

After the hearing, the district court concluded that "no attempt was made to effect service upon the Attorney General" until April 6, 1989. The judge also found that the record did not disclose a justifiable excuse for plaintiffs' failure to serve the Attorney General within the applicable time period; the judge attributed the failure to plaintiffs' attorney's poor office procedure or ignorance of the Rules. Since plaintiffs had not complied with the 120–day time limit of Rule 4(j) and could not

demonstrate "good cause" for their failure, the district court dismissed the complaint without prejudice pursuant to the Rule. In addition, the court denied plaintiffs' motion under Rule 6(b) for an enlargement of time to serve the United States, finding that plaintiffs did not make an adequate showing of "excusable neglect."[3] The court also noted that the statute of limitations period had run, so that plaintiffs were barred from further pursuit of this action. This appeal followed.

## II. DISCUSSION

■ In this court, plaintiffs argue first that the district court's factual finding that no attempt was made to serve the Attorney General until April 1989 was clearly erroneous because it failed to credit the only credible evidence proffered on this question, namely, the testimony of their counsel's legal assistant. We find this argument without merit. The government offered ample evidence supporting the district court's finding that plaintiffs did not attempt to serve the Attorney General until April 1989. This evidence included the absence of a white or green certified mail receipt from the alleged mailing in January 1988, the absence from the Justice Department's case tracking system of any reference to such service, and the indication on the face of the summons that the summons and complaint were directed only to the United States Attorney and not to the Attorney General. More importantly, Judge Mishler heard plaintiffs' sole witness and assessed her credibility. This credibility determination is entitled to great deference, and we see no reason on this record to reject it. Similarly, we cannot characterize as clearly erroneous the district court's additional finding that plaintiffs' failure to serve the Attorney General within the specified time period was due to poor office procedure or ignorance of the Rules.

---

**3.** The relevant portion of Fed.R.Civ.P. 6(b) provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may

at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

As noted above, based upon these findings, the district court concluded that plaintiffs failed to meet the "good cause" or "excusable neglect" standard that would justify excusing a failure to serve the Attorney General within 120 days either under Fed.R.Civ.P. 4(j) or 6(b). In an ordinary case, this exercise of the judge's discretion would be unassailable, that is, a judge is certainly not required to treat inadvertence or ignorance of the Rules as "good cause" or "excusable neglect" for delay in service. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984); *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). Under ordinary circumstances, therefore, dismissal would be proper because "[d]ismissal of an action is mandatory under Rule 4(j) when the 120 day limit is violated unless 'good cause' can be shown." *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir.1989), cert. denied, ―― U.S. ――, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990).

■ However, as will be seen below, the circumstances of this case are not ordinary. To begin with, the disposition of this appeal does not rest solely on an interpretation of Rule 4(j). Since we are concerned with service upon the United States, Rule 4(d)(4), quoted above, is also involved. Moreover, Rule 4(j) states that a party's action "shall be dismissed" "[i]f a service of the summons and complaint is not made upon *a defendant* within 120 days after the filing of the complaint" (emphasis added). In the present case, the defendant is the United States, not the Attorney General. Plaintiffs actually effected at least partial service upon the United States a week after filing, by delivering the summons and complaint to the United States Attorney. The question, then, is whether under the specific facts of this case plaintiffs' failure also to mail a copy of the summons and complaint to the Attorney General within 120 days constituted failure under Rule 4(d)(4) to serve the defendant United States.

It is settled law in this circuit that Rule 4(d)(4) is "mandatory" and not merely "directory," so that effective service cannot be accomplished merely by delivering a copy of the summons and complaint to the United States Attorney and not mailing a copy to the Attorney General. *Messenger v. United States*, 231 F.2d 328, 330 (2d Cir.1956). Nonetheless, several circuits have also held that Rule 4(d)(4) should not be construed so narrowly or rigidly as to prevent relief from dismissal in every case in which a plaintiff's method of service suffers from a "technical defect." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (per curiam).

■ In *Jordan*, the District of Columbia Circuit identified four factors that must be satisfied in order to make an exception to the requirements of Rule 4(d)(4). If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then courts should not construe Rule 4(d)(4) so rigidly as to deny plaintiffs relief from dismissal because of a "technical defect in service." 694 F.2d at 836. We think that the reasons advanced for adopting such an exception are persuasive.

In reaching its decision in the present case, the district court suggested that the *Jordan* framework did not apply because there was not a "technical defect in service," but a "complete failure to serve the Attorney General." As indicated above, this is not completely accurate. The "technical defect" in question refers to a defect in service upon the United States, not upon one or another of the representatives of the United States named in Rule 4(d)(4) as recipients of service. In *Jordan* itself, there was a failure to deliver the summons and complaint to the local United States Attorney, but the district court's order of dismissal was reversed. Id. at 835, 837. In the instant case, plaintiffs fully satisfied the requirements of service within the required

time limit upon one of the named representatives of the United States, namely, the United States Attorney. A copy of plaintiffs' summons and complaint was apparently also sent by mail, albeit indirectly, to the Attorney General and was received by him well within the 120–day time limit. Finally, upon learning of the alleged defect in their initial service, plaintiffs immediately sent a copy of the summons and complaint to the Attorney General by certified mail within the applicable statute of limitations period. We think that plaintiffs' mistakes are more properly regarded as a technical defect in service to which a *Jordan* analysis applies.

We must thus decide whether the district court erred by failing to excuse plaintiffs' technical defect in service. Applying the four-part *Jordan* test to the facts of this case, it is clear that on three factors—actual notice to necessary government parties, prejudice to the government from the technical defect and prejudice to plaintiff upon dismissal of its complaint—the equities weigh heavily in favor of plaintiffs.

Both the United States Attorney and the Attorney General had actual notice through their receipt of copies of plaintiffs' summons and complaint by February 11, 1990, roughly three weeks after the complaint was filed. The government did not suffer prejudice as it participated fully in pretrial proceedings, including the taking of depositions. Plaintiffs, on the other hand, suffered extreme prejudice from the dismissal of their complaint, since it appears that their action is now barred by the statute of limitations. This factor was afforded special weight in *Jordan*, 694 F.2d at 836, and other courts have been similarly lenient in excusing technical defects in service under analogous circumstances. See *Voorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir.1983); *Ruppert v. Secretary, U.S. Dept. of Health and Human Services*, 671 F.Supp. 151, 189 (E.D.N.Y. 1987), modified on other grounds, *Ruppert v. Bowen*, 871 F.2d 1172 (2d Cir.1989).

The only condition plaintiffs do not obviously satisfy is justifiable excuse for the failure to serve properly, especially in view of the district court's factual determination that this failure was due to poor office procedure or ignorance of the Rules. Unlike the ordinary case in which the issue of justifiable excuse concerns only a plaintiff's conduct, the assessment of that issue in this case raises the problem of allocating responsibility between opposing parties in a lawsuit for causing the defect in service. Cf. *Roque v. United States*, 857 F.2d 20, 22 (1st Cir.1988).

Although plaintiffs attempted to obtain clarification of the problem, the government did not disclose the specific character of plaintiffs' defective service until April 1989, 14 months after the suit was commenced. After the April disclosure, the government waited until just a few days after expiration of the six-months limitations period identified in the Postal Service letter, with a trial date imminent, before moving to dismiss for failure to comply with the 120–day limit of Rule 4(j). Indeed, it is arguable that by (1) belatedly informing plaintiffs of the specific character of their service defect *within* the statute of limitations period and (2) deferring their motion for dismissal until *after* the expiration of this period, the government actually lulled plaintiffs into believing that their mailing to the Attorney General in April 1989 constituted satisfactory service. If, within the statute of limitations period, the government had made its motion to dismiss for untimely service, plaintiffs could have sought—and probably obtained—the district court's permission under Rule 41(a) to voluntarily dismiss their action, and then refiled their complaint with proper service thereafter. See *Vance v. United States*, 126 F.R.D. 14, 15 n. 1 (E.D.N.Y.1989), holding that "[i]t is reprehensible for the United States Attorney to wait until after the 120 days for service under Rule 4(j) to have expired along with the statute of limitations prior to making this motion to set aside the service as insufficient." This is not to say that the government has a legal obligation to move to dismiss within the limitations period. But failure to so move makes less compelling its reliance on plaintiffs' lack of justifiable excuse in opposing the *Jordan* exception.

■ Because three factors of the *Jordan* test count strongly in favor of plaintiffs' claim and the countervailing weight of the fourth factor is mitigated by the government's apparently deliberate attempt to secure the demise of plaintiffs' claims through untimely service, we find that the district court erred in refusing to grant plaintiffs relief from dismissal. Since the conduct of plaintiffs falls within the *Jordan* exception and thus constitutes "substantial compliance" with the requirements of Rule 4(d)(4) notwithstanding the "technical defect," *Borzeka v. Heckler,* 739 F.2d at 447 n. 1, the mandatory dismissal requirement of Rule 4(j) is inapplicable.

We believe our decision is justified not merely to "prevent serious miscarriages of justice," *Borzeka v. Heckler,* 739 F.2d at 447, but also to promote "the just, speedy, and inexpensive determination of every action," Fed.R.Civ.P. 1. See *Santos v. State Farm Fire and Cas. Co.,* 902 F.2d 1092, 1097 (2d Cir.1990) (Leval, J. concurring). We do not condone the handling of this case by plaintiffs' counsel. Nor do we suggest that under the Rules defendants generally have an obligation in raising insufficiency of service as an affirmative defense to inform plaintiffs of the specific character of the defect in service. Rather, the scope of our decision is much more limited. In this case, the defendant is the United States government. Within the 120–day period, the United States Attorney was personally served with a copy of the summons and complaint, the Attorney General timely received these papers, and the United States Attorney was authorized to handle the case. The government suffered no prejudice from the technical defect in service, and made an apparent effort to insure that plaintiffs would fail to comply with the technical requirements for timely service, thereby resulting in a complete bar to their action. Under such circumstances, the Federal Rules should not require dismissal of the complaint.

The order of the district court is reversed for the reasons stated above and the case is remanded for further proceedings consistent with this opinion.