43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles W. ORR, Plaintiff-Appellant,
v.
Hazel R. O'LEARY, Secretary, United States Department of
Energy, Defendant-Appellee.
 No. 94-2062.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-Appellant Charles W. Orr appeals the district court's dismissal of his civil rights action for untimely service. Because Mr. Orr has not demonstrated good cause for his failure to comply with the rules of procedure, the district court did not abuse its discretion, and we affirm.
 
 
 4
 On April 29, 1993, Mr. Orr filed a civil rights action against several defendants, including the United States Department of Energy, through its Secretary, Hazel O'Leary.[2] See 42 U.S.C.2000e-16(c)(in Title VII discrimination action, "the head of the department, agency, or unit ... shall be the defendant"). According to the return of service, a copy of the summons and complaint were left at the Secretary's "dwelling house or usual place of abode with a person of suitable age and discretion residing therein." Appellant's App. at 14. The return, executed on June 4, 1993, states that the summons and complaint were left with "Mrs. O'Leary," but does not indicate the date of service. Several lines down, the return contains a cryptic note stating "Dept of Energy Authorized Agent for General Counsel," with no further explanation. Id.
 
 
 5
 No service was ever attempted on the United States Attorney or the United States Attorney General within the 120-day period after filing the complaint, and the Department never answered the complaint. On September 27, 1993, the court notified Mr. Orr that his lawsuit would be dismissed unless he demonstrated good cause for retaining the action. On October 5, 1993, Mr. Orr's attorney filed a response admitting that he had "neglected to follow the clear mandates" of the federal rules, but that the case should not be dismissed because he had that day served the United States Attorney and the Attorney General, and because the United States was not prejudiced by the untimely service. The following day, defendants moved to dismiss the action based on Mr. Orr's failure to effect proper service and several jurisdictional bases. After a hearing, the district court initially dismissed the action against all defendants except the Secretary. Upon reconsideration, the action was dismissed against the Secretary as well, based on our recent opinion in Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436 (10th Cir.1994).
 
 
 6
 "We review the district court's dismissal for untimely service for abuse of discretion." Jones v. Frank, 973 F.2d 872, 872 (10th Cir.1992); see also Despain, 13 F.3d at 1437. Because this case arose in 1993, we must examine the rules of procedure in effect at that time.
 
 
 7
 Under those rules, a plaintiff properly served "an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Fed.R.Civ.P. 4(d)(5) (1993). Service upon the United States, in turn, was to be made "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States." Fed.R.Civ.P. 4(d)(4) (1993). To be timely, such service was to be made within 120 days after filing the complaint, and untimely service mandated dismissal unless the plaintiff could show "good cause" for failing to comply with the rule. Fed.R.Civ.P. 4(j) (1993).
 
 
 8
 Here, the record does not show service in the specified manner on the Secretary, the United States Attorney or the Attorney General before expiration of the 120-day period. Mr. Orr, therefore, had the burden of showing good cause for his failure to comply with the rule. We held in Despain that "good cause" is not demonstrated by a showing of actual notice to the defendants, a lack of prejudice to the defendants, counsel's misinterpretation of a rule, or the expiration of the statute of limitations. 13 F.3d at 1439. Mr. Orr's arguments fail, therefore, under an ordinary "good cause" analysis.
 
 
 9
 Because this case involves service against the United States, however, Mr. Orr urges us to adopt the four-factor test for "good cause" set out in Jordan v. United States, 694 F.2d 833, 836 (D.C.Cir.1982), and Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). Under the Jordan test, failure to comply with Rule 4(d)'s personal service requirement does not require dismissal of the complaint if
 
 
 10
 (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.
 
 
 11
 Borzeka, 739 F.2d at 447.
 
 
 12
 Under similar facts, we found it unnecessary to decide whether to adopt the four-factor test when it was clear that a party's failure to properly serve the United States was unjustified under either the rule's "good cause" analysis or the "justifiable excuse" prong of the Jordan test. See Jones v. Frank, 973 F.2d at 873. There, a pro se plaintiff failed to serve the agency head, the United States Attorney, and the Attorney General in the manner specified by the rule, even after being notified that service was improper. Noting that the plaintiff failed to provide any explanation for his failure to obtain proper service, the court held that it could not sanction the party's complete failure to comply with the rules. Id. at 873-74.
 
 
 13
 Here too, Mr. Orr, who was represented by counsel, has offered no reason for his failure to comply with the plain language of Rule 4(d) other than alleging that the United States should have notified him of his duty to serve the United States Attorney and the Attorney General. Because Mr. Orr has not demonstrated either "good cause" or a "justifiable excuse" for his failure to effect proper service, we cannot sanction his complete failure to comply with the rule. See, e.g., Whale v. United States, 792F.2d 951, 953-54 (9th Cir.1986)(holding that because the "defect in service ... was due solely to the failure of [plaintiff's] counsel to pay attention to the requirements of Rule 4(d)(4)," there was no justifiable excuse for improper service).
 
 
 14
 In addition, the record does not show that either the United States Attorney or the Attorney General had actual notice of the complaint within the 120-day period. In fact, the Department's failure to answer the complaint in a timely manner, Appellant's App. at 61, supports an inference that the United States Attorney and the Attorney General were not notified of the pending action. Thus, the first requirement of the Jordan test also has not been met.
 
 
 15
 Mr. Orr argues that his situation is analogous to the facts in Zankel v. United States, 921 F.2d 432 (2d Cir.1990), and that therefore his inadequate service should be excused. In Zankel, the plaintiff had properly served the United States Attorney, and the Attorney General received a copy of the summons and complaint within the 120-day period. Id. at 434. The plaintiff's failure to mail a copy of the summons and complaint to the Attorney General, therefore, was deemed a "technical defect" that could be excused in light of the government's knowledge of the case and its deliberate failure to reveal the defect until the statute of limitations had expired. Id. at 436-38. Here, in contrast, Mr. Orr failed to serve either the United States Attorney or the Attorney General as required, and there is no evidence that either of these entities had notice of the action or deliberately withheld the motion to dismiss until the 120 days expired. Zankel 's rationale, therefore, does not apply, and the district court did not abuse its discretion by dismissing the action against the Secretary.
 
 
 16
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Orr does not appeal the dismissal of his action against any defendant other than Ms. O'Leary. Amended Appellant's Br. at 5 n. 1