110 F.3d 68
 79 A.F.T.R.2d 97-1980, 97-1 USTC P 50,347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lazar KUMPAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-22029.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lazar Kumpan brought this action against the United States under 26 U.S.C. § 7431 alleging that the government made an unauthorized disclosure of his tax return or return information in violation of 26 U.S.C. § 6103. The district court dismissed the action without prejudice because Kumpan failed to timely serve the United States with a copy of the summons and complaint as required by Federal Rule of Civil Procedure 4. Kumpan appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] We affirm.
 
 I.
 
 3
 Kumpan filed the instant action on March 6, 1995. But Kumpan failed to serve the United States with summons and complaint within Rule 4(m)'s 120-day time limit. On July 7, 1995, the district court ordered Kumpan to show cause why his action should not be dismissed for failure to comply with Rule 4.
 
 
 4
 On July 31, 1995, Kumpan filed a reply to the district court's order to show cause. That same day, Kumpan served the United States with a summons and complaint. Neither the summons nor the complaint bore the district court seal; the complaint bore no docket number.
 
 
 5
 On August 10, 1995, the district court entered a minute order granting Kumpan until September 11 to properly serve the United States. But because the order was made ex parte, it was made "without prejudice to [the government's] right to challenge the existence of 'good cause' under Rule 4." On September 11, 1995, Kumpan properly served the United States.
 
 
 6
 The United States moved to dismiss the action for insufficient service. The district court granted the motion, holding Kumpan failed to demonstrate good cause for his failure to serve the government within the time limits set by Rule 4(m). This appeal followed.
 
 II.
 
 7
 We review dismissal of an action under Rule 4(m) for abuse of discretion, Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), and find no abuse here.
 
 
 8
 Rule 4(m) provides that the district court may dismiss an action without prejudice if service is not made within 120 days of the filing of the complaint, unless the plaintiff shows good cause for the failure. Fed.R.Civ.Proc. 4(m). Kumpan claims he had good cause for failing to file within the 120-day limit because he had "extreme concerns about reaction from the government upon pursuit of the instant action." According to Kumpan, his fear of government reprisals was reasonable because in 1993 the IRS subjected him to an allegedly unlawful arrest and jeopardy assessment, and subsequently resisted his attempts to recover seized property.
 
 
 9
 Like the district court, we refuse to assume the government will unlawfully retaliate against a citizen for filing a complaint. Fear of anticipated misconduct by the government is not good cause for failure to comply with the requirements of Rule 4. The district court did not abuse its discretion in so ruling.
 
 
 10
 Relying on Zankel v. United States, 921 F.2d 432 (2nd Cir.1991), Kumpan also argues that he need not show good cause for his tardiness, so long as the government suffered no prejudice from his delay. But "Zankel stands for a much narrower proposition," namely, that a plaintiff may be entitled to relief from dismissal despite the lack of a justifiable excuse "if there is evidence that the government also bears substantial responsibility for causing the defect in service." McGregor v. United States, 933 F.2d 156, 161 (2nd Cir.1991). There is no such evidence here.
 
 
 11
 Finally, Kumpan argues that under Federal Rule of Civil Procedue 12(h) the government waived its right to challenge the sufficiency of the July 31 service because the government failed to specifically challenge that attempt at service in its initial brief in support of its 12(b)(5) motion. We reject the argument.
 
 
 12
 Rule 12(h)(1) provides that a defendant waives an insufficiency of service of process defense if he does not raise it in his first Rule 12(b) motion, or if he makes no such motion, in his answer. Fed.R.Civ.Proc. 12(h)(1). The government specifically raised the defense of insufficiency of service of process in its first and only 12(b) motion; that was all it had to do to avoid waiver. That the government did not anticipate Kumpan would attempt to rely on his July 31 mailing as sufficient service, and thus did not address that precise issue until its reply brief, is not relevant to the waiver issue.
 
 
 13
 Kumpan is not entitled to an award of attorney's fees because he is not a prevailing party. See 26 U.S.C. § 7430.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's dismissal of Kumpan's entire action is a final appealable order, despite the fact that it was made "without prejudice." McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992); compare WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (order merely dismissing complaint "without prejudice" not appealable unless record reveals that district court intended order to be final)