Kevin **MOULTRY**, Plaintiffs,

v.

**CITY OF POUGHKEEPSIE**, Matthew Notaro, in his individual capacity, "John" Diglio, in his individual capacity, and "John" Mulvey, in his individual capacity, Defendants.

No. 00 CIV. 6967(CM).

United States District Court, S.D. New York.

Aug. 1, 2001.

Ambrose W. Wotorson, Law Office Ambrose W. Wotorson, Brooklyn, NY, for Plaintiffs.

David L. Posner, McCabe & Mack, Poughkeepsie, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McMAHON, District Judge.

Plaintiff Kevin Moultry sues defendants City of Poughkeepsie ("the City"), and police officers Matthew Notaro, "John" Digilio, and "John" Mulvey, in their individual capacities, for false arrest and imprisonment, malicious abuse of process, and excessive force, in violation of his constitutional rights as secured by 42 U.S.C. § 1983.

Plaintiff has withdrawn his claims against defendant Mulvey. The remaining defendants move for summary judgment.

## FACTUAL BACKGROUND

At approximately 2:55 a.m. on April 12, 1998, Officers Notaro and Digilio were on routine patrol when they heard a call over their radio regarding a burglary at 10 May Street, in Poughkeepsie, New York.

Shortly thereafter, Officers Notaro and Digilio observed plaintiff Kevin Moultry, who is mentally retarded, walking out of a schoolyard near Quaker Lane. Officer Notaro called out to plaintiff and loudly asked what he was doing. Plaintiff appeared confused by the query, and Notaro got out of his car to ask again what he was doing. Plaintiff responded, in delayed and halting speech, that he was coming from his residence.

Plaintiff alleges that when Notaro first got out of his car, he said: "I ain't taking no more of your shit." (Moultry Dep. at 45.) Then the officers began punching and kicking him without any justification. Plaintiff suffered from physical injuries, including broken teeth. Defendants then arrested and imprisoned him; he later was charged with obstruction of governmental administration.

According to defendants, when Notaro got out of his vehicle and approached plaintiff, plaintiff assumed a threatening stance by putting his right leg behind his left leg, by raising one of his shoulders, and by raising a fist slightly above his waist. He allegedly said to the officers: "I don't have to tell you shit. Fuck you." (Notaro Dep. at 11.) Officer Notaro grabbed plaintiff when he observed the threatening stance, and a "brief physical struggle" ensued.

Plaintiff alleges that he was falsely arrested and imprisoned, and that he was subjected to malicious abuse of process and excessive force, in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution.

Defendants Notaro and Digilio argue that this court does not have personal jurisdiction over them because plaintiff has not effectuated valid service upon them. Defendant City of Poughkeepsie moves for summary judgment on the ground that plaintiff has failed to offer any evidence of an unconstitutional policy, custom or practice for which it can be held liable.

For the reasons stated below, defendants' motion for summary judgment is granted.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-movant. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505. In making its determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *See id.* at 255, 106 S.Ct. 2505. To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When opposing a motion for summary judgment, it is not sufficient for the non-moving party to present evidence that is conclusory or speculative, with no basis in fact. *See Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. 2505.

### 1. Improper Service

■ Defendants argue that officers Notaro and Diglio were not properly served as individual defendants, and that the claims against them must be dismissed.

It is undisputed that on or about September 19, 2000, Enrique Riley, a process server, served four copies of the summons and complaint to the City Chamberlain of the City of Poughkeepsie. A clerk for the Chamberlain accepted service on behalf of the City, and also on behalf of the individual police officers named in the suit. She told the process server that he had come to the right place, and that she was empowered to accept personal service for the individual police officers. (Riley Aff. at ¶ 3–4.)

Fed.R.Civ.P. 4(e)(1) provides that service of process is effected on an individual in one of three ways: (1) pursuant to the law of the state in which the district court is located, or in which the service is effected; (2) by delivering a copy of the summons and complaint to the individual personally, or by leaving copies at the individual's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; or (3) by delivering a copy of the summons and complaint to an agent authorized by law to receive service of process.

According to New York law (New York being the state in which this Court sits, and the state in which service was effected in this case), service can be made by delivering the summons "to a person of suitable age and discretion at the actual place of business ... and by either mailing the summons to the person to be served at his or her last known residence or by mailing

the summons by first class mail to the person to be served at his or her actual place of business ..." C.P.L.R. § 308(2).

Plaintiff delivered the summons and complaint to the City Chamberlain of the City of Poughkeepsie, which was not the actual place of business of any of the individual defendants. Defendants work at the Police Department Headquarters at Municipal Plaza in Poughkeepsie, and they report to work there at the beginning and end of each shift. (Notaro Aff. at ¶ 2; Digilio Aff. at ¶ 2.) Unless they are testifying in City Court, the officers have no official police business in City Hall, and they do not work for or with the City Chamberlain. (Id.) Plaintiff also failed to mail the summons to the individual defendants at their last known residence, or by first class mail to their actual place of business.

As for the other means of effecting proper service under Rule 4(e)(1), plaintiff never caused a copy of the summons and complaint to be delivered to the defendants personally or left it at their residences. Neither party contends that the City Chamberlain was an agent "authorized by law" receive service on defendants' behalf. Fed.R.Civ.P. 4(e)(1).

Accordingly, service was never properly made.

Fed.R.Civ.P. 4(m) provides plaintiff 120 days to serve the summons and complaint after the filing of the complaint. If it has not been accomplished at that point, the Court—upon its own initiative after notice to the plaintiff—shall dismiss the action without prejudice as to that defendant. If plaintiff shows good cause for the failure, the court "shall extend the time for service for an appropriate period." Id.

■ While Rule 4(m) does not define "good cause," courts have ruled that "mistake or inadvertence of counsel ... does not constitute 'good cause' justifying failure to effect timely service of process." Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y.1996); see also Zankel v. United States, 921 F.2d 432, 436 (2d Cir. 1990) ("[A] judge is certainly not required to treat inadvertence or ignorance of the rules as 'good cause' or 'excusable neglect' for delay in service."). Good cause is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendant from the delay. See AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y.2000). Most important, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir.1990); see also Mason Tenders Dist. Council Pension Fund v. Messera, No. 95 Civ. 9341, 1997 WL 221200, at *3 (S.D.N.Y. Apr. 1, 1997) ("Pursuant to Rule 4(m), the plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant."). The Second Circuit has held that dismissal is mandatory when a party is not served within the 120–day time limit and where there is no showing of good cause. Ogbo v. New York State Dept. of Taxation and Fin., 99 Civ. 9387, 2000 WL 1273840, at *2 (S.D.N.Y. Sept. 6, 2000) (citing Zankel v. United States, 921 F.2d 432, 436 (2d Cir.1990)).

■ Plaintiff filed this lawsuit on September 18, 2000. On October 20, 2000— well within the 120 period allowed by Rule 4(m) for service—defendants served an answer in which they raised "personal jurisdiction" as an affirmative defense. In response, plaintiff did not attempt to correct the error, nor did he file a motion under

Fed.R.Civ.P. 6(b) [1] for an extension of time to do so. In fact, plaintiff has offered no "good cause" whatsoever for his failure to properly serve defendants. Rather, he continues to argue that because a representative of the City Chamberlain's office accepted service on behalf of the individual defendants, service must be proper—even though, under State law, substituted service *must* be followed by a timely mailing (which plaintiff's counsel never accomplished).

Plaintiff failed to effect proper service on individual defendants Notaro and Digilio within the 120 day period set forth by Fed.R.Civ.P. 4(m). Because plaintiff has failed to demonstrate to this Court good cause for its failure to properly serve (or attempt to correct service to) the individual defendants, the case is dismissed as to them for lack of personal jurisdiction without prejudice.

### 2. Municipal Policy

██ A municipality can only be sued under 42 U.S.C. § 1983 on a claim that one of its employees violated plaintiff's civil rights if the conduct complained of was pursuant to an official policy, custom or practice. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A City of Poughkeepsie Police Officer is permitted to "use physical force when and to the extent he reasonably believes it necessary to effect [an] arrest." (Freer Aff., Curriculum for Basic Course for Poughkeepsie P.O.s). Plaintiff argues that because officers are permitted (as a matter of policy) to subjectively determine what amount of force is reasonable, then the officers' subjective assessment of reasonableness can be imputed to a city policy. (Pl. Opp. to Summ. J. at 8.) He also argues that the fact that the officers were not disciplined for the incident could lead a jury to conclude that the actions were ratified by the City. (*Id.* at 9.) Plaintiff is incorrect.

A single act can be sufficient to establish such a policy, but only if it was accomplished by a city official with final policy-making authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In the present case, Digilio and Notaro are patrol officers—not policymaking officials. *See Bowman v. Middletown*, 91 F.Supp.2d 644, 659 (S.D.N.Y.2000) (noting that a police sergeant is not a policymaking official). Their actions on that night do not demonstrate a policy or custom on behalf of the City. Plaintiff has offered no proof of a department policy to encourage (or allow) its officers to make false arrests or to use excessive force. To the contrary, the city police manual instructs officers only to use reasonable force as provided for in N.Y. Penal Law § 35. All Poughkeepsie Police Officers receive training on what constitutes probable cause to make warrantless arrests. N.Y.Crim. Proc. Law § 140.10. (Freer Aff. at ¶ 2–3.)

To the extent that plaintiff charges that exercising police discretion can amount to a municipal policy, that argument necessarily fails. There is no respondeat superior liability for municipalities under § 1983, *see Monell*, 436 U.S. at 658, 98 S.Ct. 2018, so absent an official policy,

---

1. Fed.R.Civ.P. 6(b) provides: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; ..."

custom or practice, a city cannot be held vicariously liable for officers' independent evaluations of probable cause or use of reasonable force. In addition, plaintiff has presented no evidence indicating that the City failed to train, supervise, or discipline its employees such that it was deliberately indifferent to the rights of individuals with whom they came into contact. *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The City's decision not to discipline the officers for this incident does not alone demonstrate a policy of indifference to allegations of excessive force. *See Turpin v. Mailet,* 619 F.2d 196, 202 (2d Cir.1980) ("[A] policy cannot be inferred from the failure of those in charge to discipline a single police officer for a single incident of illegality.")

Because Moultry has failed to adduce evidence that the City maintained an unconstitutional custom or policy of making false arrests or using excessive force, the claim against it is dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted. The case is dismissed as to all defendants. The case against the individual police officers is dismissed without prejudice.

This constitutes the decision and order of this Court.