**Paul GARGANO, Sheila Gargano, and the Law Office of Gargano & Associates,**

v.

**INTERNAL REVENUE SERVICE.**

No. Civ.A. 01–11408–RGS.

United States District Court, D. Massachusetts.

May 3, 2002.

Paul A. Gargano, Gargano & Associates, Thomas Graves Landing, Cambridge, MA, for plaintiffs.

Michael J. Martineau, U.S. Department of Justice, Tax Division, Washington, DC, for Commissioner of Internal Revenue Service.

### *MEMORANDUM AND ORDER ON INTERNAL REVENUE SERVICE MOTION TO DISMISS*

STEARNS, District Judge.

Plaintiffs, who are pro se attorneys, filed this Freedom of Information Act (FOIA) suit against the United States, seeking the identity of an Internal Revenue Service (IRS) informant. The action was filed on August 13, 2001. On April 10, 2002, the United States moved to dismiss the suit because of plaintiffs' failure to effect proper service under Fed.R.Civ.P. 4(i)(1).[1]

To accomplish service upon the United States, Rule 4(i) requires the delivery of a copy of the summons and complaint: (1) to the United States Attorney for the district in which the action is brought; *or* (2) to a

---

1. The government's brief suggests that the United States Attorney's Office only became aware of the suit when it received a copy of a March 26,

2002 Order refusing to enter a default against the United States.

designated Assistant United States Attorney; *or* (3) by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk at the United States Attorney's Office; *and* (4) to the Attorney General of the United States; *and* (5) to the appropriate officer or agency of the United States when such person or entity is named as a defendant. Service is to be completed within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m).

In their opposition, the plaintiffs claim that they have made proper service. They attach exhibits showing in-hand service of the summons and complaint on the Massachusetts District Office of the IRS, and proof of service by certified mail on the Commissioner of the IRS in Washington, D.C., as well as on Steven L. Daige, the IRS District Director in Boston.[2] They also present evidence that the Attorney General of the United States was served by certified mail. Service was made within nine days of instituting the action. *See* Opposition, Exs. A–E.

The government's memorandum in support of its motion to dismiss does not specify plaintiffs' precise misstep in making service. It merely asserts that "plaintiffs have failed to serve the IRS in accordance with Rule (i)(1)". Government Memorandum, at 4. Presumably, the reference is to the apparent failure to make service on the United States Attorney, the only Rule 4(i) party for whom plaintiffs have offered no proof of service.

Making proper service on the government is no easy exercise, and in recognition of the procedural complexities involved, Rule 4(i) contains a provision permitting a plaintiff to cure certain defects in doing so, so long as proper service has been made on the United States Attorney or the Attorney General. *See* Fed.R.Civ.P. 4(i)(3)(A). However, the United States Attorney is not one of those persons or entities falling within the Rule 4(i)(3)(A) savings clause. *See* Rule 4(i)(2)(A). Some courts nonetheless see room for a grant of equitable relief where overly strict adherence to the literal wording of the Rule appears to elevate form over substance. In *Zankel v. United States*, 921 F.2d 432, 436 (2d Cir.1990), the Second Circuit set out what

seems to me to be a sensible test for granting relief where it can be shown that: (1) the necessary governmental parties have actual notice of the suit; (2) the government has suffered no prejudice from the defect in service; (3) there is a justifiable excuse for the failure to make proper service; and (4) the plaintiff would be severely prejudiced by a dismissal of the complaint. *See also* 4A Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1106, 14 n. 12. Here plaintiffs have either failed to offer evidence that the United States Attorney was in fact served with a copy of the summons and complaint, or have failed to offer some justification for a grant of equitable relief. I cannot tell which from the pleadings. The plaintiffs will be given ten (10) days to respond appropriately, absent which the complaint will be dismissed.

SO ORDERED.

---

2. Defendants point out that an agency head is    not a proper party to an FOIA suit.