**Jimmy JACKSON, Plaintiff,**

v.

**State of CONNECTICUT, Department of Corrections, Defendant.**

**No. 3:06cv1274 (JBA).**

United States District Court, D. Connecticut.

July 25, 2007.

Cynthia Renee Jennings, The Barrister Law Group, Bridgeport, CT, for Plaintiff.

Antoria D. Howard, Attorney General's Office, Hartford, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. # 21]

ARTERTON, District Judge.

Defendant the Connecticut Department of Corrections ("DOC") moves to dismiss plaintiff Jimmy Jackson's employment discrimination Complaint in this action due to failure to perfect timely service upon the DOC in violation of Fed.R.Civ.P. 4(m). *See* Def. Mot. [Doc. # 21]. Plaintiff objects, on grounds that the service failure was due to counsel's excusable neglect, and that the Court already granted his Motion for Extension of Time permitting additional time to accomplish service. *See* Pl. Opp. [Doc. # 23].

Plaintiff's Complaint was filed on August 15, 2006, but was admittedly not served in accordance with Fed.R.Civ.P. 4(j)(2), as required for service on an agency, within the 120–day period from filing allotted by Rule 4(m). No action having been taken with respect to this case, on January 21, 2007 the Court issued a notice to counsel pursuant to Fed.R.Civ.P. 41(a) directing that the case would be dismissed on February 20, 2007 if no explanation were made to the Court why it should not be. *See* Notice [Doc. # 4]. Plaintiff's counsel then filed a response on February 16, 2007 [Doc. # 5]—claiming excusable neglect in failure to effect proper service and a lack of knowledge of the State

Attorney General's service procedures—and she also filed a Motion for Extension of Time [Doc. # 6], *nunc pro tunc,* in which to effect service. The Court granted this Motion on February 28, 2007 [Doc. # 9].[1]

Thus, defendant now moves to dismiss the Complaint for failure to timely effect proper service in accordance with Rule 4, notwithstanding that the Court granted plaintiff's Motion for Extension of Time *nunc pro tunc.* Defendant contends that plaintiff's counsel did not demonstrate good cause for the delay, but only claimed excusable neglect, and argues that although courts are generally reluctant to dismiss complaints on the basis of defective service, a single defective attempt at service never followed by an attempt to correct is not reasonable. *See* Def. Mem. [Doc. # 21–2] at 3 (citing cases).

Rule 4(m) provides, *inter alia,* that if the plaintiff shows good cause for a failure to timely serve, an extension may be granted. While courts generally hold that "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of the Rule 4(m)," *see, e.g., Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir.1999) (citing *McGregor v. United States,* 933 F.2d 156, 160 (2d Cir.1991)), courts also suggest that "*excusable* neglect" can constitute good cause, *see, e.g., Zankel v. United States,* 921 F.2d 432, 435–36 (2d Cir.1990); *McKibben v. Credit Lyonnais,* No. 98civ3358 (LAP), 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999).[2]

In addition, this case is analogous to *Zankel v. United States,* where the Second Circuit held that failure to properly and timely serve the United States Attorney General did not warrant dismissal, where plaintiff's method of service suffered from a "technical defect."

921 F.2d at 436–38. Specifically, in *Zankel,* as it was a suit against the United States, the relevant Rule 4 provision required delivery of a copy of the summons and complaint to the United States attorney in the relevant district *and* mailing (via registered or certified service) of a copy of the summons and complaint to the United States Attorney General; the Circuit found that plaintiff's counsel had accomplished service as to the United States attorney, but that counsel did not attempt to serve the United States Attorney General until more than 120 days had passed. *See id.* at 434–35. In reversing the district court's dismissal of the complaint pursuant to Rule 4, the Circuit relied on the "technical defect" exception to the provision regarding service on the United States as articulated in a District of Columbia Circuit case, applying the following factors: "If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed." *Id.* at 436–37 (citing *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir. 1982)).

While this case concerns suit against a Connecticut agency, not the United States, and thus a different Rule 4 provision for method of service applies, it is certainly analogous to *Zankel (i.e.,* a suit against a Government entity and a technical defect in the specific method of service required for that entity). And, in this case, plaintiff satisfies the four factors: his counsel represents that the Connecticut Attorney General's office had notice of the suit, as a copy of the summons and complaint was mailed to

---

**1.** As defendant notes, it filed an opposition to plaintiff's Motion for Extension of Time [Doc. # 8], but the Court granted that Motion before receiving defendant's opposition.

**2.** Further, although neither party mentions it, the Supreme Court's opinion in *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), acknowledges that the 1993 amendments to Rule 4 actually obviated the need for a finding of good cause altogether, leaving decisions to enlarge the 120–day period within the discretion of courts. *Id.* at 662–63 & n. 10, 116

S.Ct. 1638 (citing Advisory Comm. Notes and emphasizing that portion of Rule 4(m) providing that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time* "); see *also Beauvoir v. United States Secret Serv.,* 234 F.R.D. 55, 58 (E.D.N.Y.2006). The Court here did just that, by granting plaintiff's Motion for Extension of Time.

the Office and she confirmed receipt with a telephone call, *see* Pl. Opp. at 1; the DOC has not identified any prejudice it will suffer if the suit is permitted to proceed; plaintiff's counsel has a justifiable excuse for her failure to timely properly serve, as already acknowledged by the Court's granting the Motion for Extension of Time, and as she attempted service and was unfamiliar with the Attorney General's service procedures; and plaintiff would be severely prejudiced if this case were dismissed as the statute of limitations has now run, *see* Pl. Opp. at 2–3. Plaintiff's counsel's justifiable excuse constitutes "excusable neglect," inasmuch as she attempted to serve the summons and complaint, followed up to confirm receipt, re-served, correctly, once informed of the defect, and also filed a Motion for Extension of Time, *nunc pro tunc,* which the Court granted.

Accordingly, defendant's Motion to Dismiss [Doc. # 21] is DENIED.

IT IS SO ORDERED.