14-2396-cv
Mares v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
            REENA RAGGI,
                 *Circuit Judges*,
            KIYO A. MATSUMOTO,
                 *District Judge*.[*]

---------------------------------------------------------------------

PETER MARES,
                 *Plaintiff-Appellant*,

          v.                                    No. 14-2396-cv

UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JEH CHARLES JOHNSON, Secretary of the Department of Homeland Security, STEVEN BUNNELL, General Counsel of the Department of Homeland Security, SCOTT K. FALK, Chief Counsel of the Customs and Border Protection Agency, KEVIN K. McALEENAN, Deputy Commissioner of the Customs and Border Protection Agency, J. BELL, Border Patrol Agent, Z. MEVIOR, Border Patrol Agent, M. DION, Border Patrol

---

[*] The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

Agent, JOHN AND JANE DOES 1–10,

*Defendants-Appellees.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT: JOSE ENRIQUE PEREZ, Law Offices of Jose Perez, P.C., Syracuse, New York.

APPEARING FOR APPELLEES: MICHAEL S. CERRONE, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 6, 2014, is AFFIRMED.

Plaintiff Peter Mares appeals from the dismissal of his complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) for failure timely to serve process. See Mares v. United States, No. 13-CV-6187 (CJS), 2014 WL 2531964 (W.D.N.Y. June 5, 2014). On appeal, Mares does not dispute that he failed to serve the United States, as required to maintain suit against the United States and its officials in their official or individual capacities. Rather, he challenges the district court's denial of an extension of time to complete service under Rule 4(m), which decision we review for abuse of discretion. See Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010) (observing that abuse of discretion occurs when ruling is based on error of law or clearly erroneous view of evidence, or cannot be located within range of permissible decisions). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.      <u>Service of Process on the United States and Its Officers and Employees</u>

To serve a federal officer or employee in his official or individual capacity, a plaintiff must serve both the United States and the officer or employee, as provided in Fed. R. Civ. P. 4(i).   To serve the United States, a plaintiff must send by registered or certified mail a copy of the summons and complaint both to the United States Attorney General and to the United States Attorney for the district in which the action is brought. See <u>id.</u>   The rule requires a district court to "allow a party a reasonable time to cure its failure to" comply with these provisions if certain conditions are met.   See Fed. R. Civ. P. 4(i)(4); <u>Kurzberg v. Ashcroft</u>, 619 F.3d 176, 184–85 (2d Cir. 2010).   Moreover,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   Although an extension of time is required when good cause has been shown (including when the conditions of Rule 4(i)(4) are met, <u>see</u> Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment), a district court has wide latitude in deciding when to grant extensions absent good cause.   See <u>Zapata v. City of New York</u>, 502 F.3d 192, 195–96 (2d Cir. 2007).   Factors relevant to the exercise of this discretion include, <u>inter alia</u>, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a "justifiable excuse" for the failure properly to serve. <u>See, e.g.</u>, <u>id.</u> at 197–99.

3

2.    Application

Mares does not dispute that he failed to serve the United States under Rule 4(i)(1) and, thus, failed to effect proper service on any of the defendants in the case.    See Mares v. United States, 2014 WL 2531964, at *5 (explaining specific deficiencies in service with respect to each defendant).    Nor does he argue that good cause for the failure required an extension under Rule 4(m).    Rather, he challenges the district court's denial of a discretionary extension in the absence of good cause, arguing that the defects in service were merely technical and that the government was partially responsible for those defects because it did not timely inform Mares of the issue.

At the outset, we note that, at Mares' urging, the district court framed its discretionary inquiry by reference to Zankel v. United States, 921 F.2d 432 (2d Cir. 1990).    Indeed, Mares continues to rely on Zankel as the relevant authority on appeal. Zankel identified four factors that would allow a district court to excuse a technical defect in serving the United States and its officers in the absence of good cause:

> If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then courts should not construe Rule 4(d)(4) [Rule 4(i)'s predecessor] so rigidly as to deny plaintiffs relief from dismissal because of a technical defect in service.

Id. at 436 (internal quotation marks omitted); see McGregor v. United States, 933 F.2d 156 (2d Cir. 1991) (construing Zankel).    Treating these factors as requirements, the district court denied Mares an extension because, although he satisfied the first and fourth

4

elements, he did not satisfy the second and third. See Mares v. United States, 2014 WL 2531964, at *8.

Zankel, however, was decided before the 1993 amendments to the Federal Rules of Civil Procedure, which in Rule 4(m) afford district courts broad discretion to grant extensions absent good cause. See Zapata v. City of New York, 502 F.3d at 197; see generally Henderson v. United States, 517 U.S. 654, 662–63 (1996). Thus, strict satisfaction of the four Zankel requirements is no longer necessary. See, e.g., Goldblatt v. Nat'l Credit Union Admin., 502 F. App'x 53, 55 (2d Cir. 2012) (summary order) (recognizing Zapata as superseding Zankel standard). Rather, a district court may extend the time to serve if, after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified. See, e.g., Zapata v. City of New York, 502 F.3d at 198–99.

On appeal, Mares does not argue that the district court erred in applying Zankel to his case and, thus, we do not pursue that point further. See Gross v. Rell, 585 F.3d 72, 95 (2d Cir. 2009) (stating that arguments not raised in principal brief on appeal are deemed waived). Instead, he faults the district court for concluding that he failed to satisfy the third factor: "justifiable excuse" for his failure timely to serve. The record admits no such error. Mares offers no excuse for his service failure. Rather, he faults the government for failing to move for dismissal before the statute of limitations expired. But the statute of limitations here expired five days after Mares filed suit, and the government could not have successfully moved to dismiss before the expiration of Mares' 120-day window to serve. By the end of the 120 days, the statute of limitations

had expired and Mares was unable to refile. See Appellant's Br. 14 (conceding that "[b]ecause the complaint was filed just days before the statute of limitations expired, the claims are now time barred"); Compl. (filed Apr. 11, 2013); id. ¶¶ 27 (listing Apr. 16, 2010, as date of alleged constitutional torts). In these circumstances, defendants can hardly be charged with unduly delaying their motion to dismiss to take advantage of the statute of limitations. Cf. Zankel v. United States, 921 F.2d at 434–35, 437 (describing government conduct that "lulled" plaintiffs into believing service was complete until statute of limitations had run).

This is not to say that a district court can never grant an extension in the absence of a justifiable excuse. See Zapata v. City of New York, 502 F.3d at 198 n.7. But this court has indicated that we will not disturb a district court's dismissal for untimely service absent a plaintiff's showing of a colorable excuse for his neglect. See id. at 198. As the plaintiff has not made such a showing here, we identify no abuse of discretion warranting vacatur.

We have considered Mares' remaining arguments, and we conclude that they are without merit. Accordingly, the district court's judgment of dismissal is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court