11-4307-cv
*Goldblatt, et al. v. National Credit Union Administration*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges*,
            DAVID G. LARIMER,
                    *District Judge.*[*]

---

MELVIN GOLDBLATT, JOAN LAZEROW,
MARK D. FETCHER, GLORIA JOHNSTON,
DOUGLAS C. ANTUPIT,

                *Plaintiffs-Appellants*,

    -v.-                          11-4307-cv

NATIONAL CREDIT UNION ADMINISTRATION,

                *Defendant-Appellee.*

---

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANTS:    Joseph M. Barnes, Robert I. Reardon, Jr., The Reardon Law Firm PC, New London, CT.

FOR APPELLEE:      Conor Kells, Trial Attorney, Sandra S. Glover, Assistant United States Attorney, Stuart F. Delery, Acting Assistant Attorney General, Phyllis J. Pyles, Director, Mary Leach, Assistant Director, *for* Eric H. Holder, Jr., United States Attorney General, Washington, DC.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut is **AFFIRMED.**

Former members of the New London Security Federal Credit Union ("New London") appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*), granting the motion of the National Credit Union Administration ("NCUA") to dismiss Appellants' claims for lack of subject matter jurisdiction.  The district court determined that Appellants' action was time-barred pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b), because Appellants filed their claim more than six months after the NCUA denied their administrative claims. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is

2

unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's dismissal of an FTCA claim as untimely. *See Kronisch v. United States*, 150 F.3d 112, 120 (2d Cir. 1998). The FTCA's limited waiver of the United States' sovereign immunity against tort claims requires the plaintiff to "comply with several strictly construed prerequisites." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). At issue here is compliance with the FTCA's statute of limitations, under which the plaintiff must file her claim against the United States "within six months after the date of mailing . . . of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Claims filed outside of this window "shall be forever barred." *Id.*

The district court here properly determined that it lacked subject matter jurisdiction over Appellants' claims against the NCUA because Appellants filed their complaint

more than six months after the agency denied their administrative claims. Appellants' argument that their FTCA claim was timely filed on August 17, 2010, when it moved to add the NCUA as a party-defendant in a separate litigation, is unavailing. The unsuccessful effort to add the NCUA as a party in the other case did not toll the limitations period. *Cf. McGregor v. United States*, 933 F.2d 156, 161 (2d Cir. 1991) (filing an FTCA complaint that was ultimately dismissed for defective service of process did not toll the limitations period and precluded plaintiff from refiling a second complaint), *superseded on other grounds*, *Zapata v. City of N.Y.*, 502 F.3d 192 (2d Cir. 2007). After receiving the NCUA's rejection of their administrative claims on August 11, 2010, Appellants moved to amend their complaint to add the NCUA as a defendant in ongoing litigation over the collapse of New London. The district court denied this request on February 1, 2011.[1] At that time, Appellants still had ten days to file a complaint asserting tort claims

---

[1] The court simultaneously granted the NCUA's motion to be substituted as plaintiff after determining that the NCUA was the real party in interest. *Goldblatt v. Wells Fargo Advisors, LLC*, No. 3:10CV924, 2011 WL 446896, at *3 (D. Conn. Feb. 1, 2011). The court also granted the NCUA's motion to consolidate the action with the NCUA's substantially similar prior filed action. *Id.*

against the NCUA within the FTCA's six-month window. Because Appellants did not file their complaint until March 3, 2011, the district court properly deemed it untimely and dismissed for lack of subject matter jurisdiction.

Appellants argue in the alternative that they are entitled to equitable tolling of their claim because they pursued their rights with diligence. Regardless of whether equitable tolling is available for FTCA claims,[2] Appellants have not satisfied this Court that equitable tolling is appropriate here. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See* *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted). We are not persuaded that Appellants pursued their rights diligently, and they do not argue that an extraordinary

---

[2] In this Circuit, it is an open question whether equitable tolling is available for tort claims brought pursuant to the FTCA. *See*, *e.g.*, *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 n.6 (2d Cir. 2011). Other circuits are split on this issue. *Compare Santos ex rel. Beato v. United States*, 559 F.3d 189, 194-97 (3d Cir. 2009), *with Adams v. United States*, 658 F.3d 928, 933 (9th Cir. 2011), *and In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011).

circumstance prevented them from filing their complaint against the NCUA before February 11, 2011.  This "drastic remedy" is therefore unwarranted.  *See id.* (internal quotation marks omitted).  We have considered Appellants' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6